NOT FOR PUBLICATION                                                                                          (Doc. Nos. 9, 10)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____
                                                                    :
MARY PHILLIPS,                                           :
                                                                    :
        Plaintiff,                                    :          Civil No.
                                                                    :          12-06370 (RBK/KMW)
        v.                                                :
                                                                    :          **OPINION**
MICHAEL E. BERENATO, et. al.,                    :
                                                                    :
        Defendants.                                :
_____ :

**KUGLER**, United States District Judge:

      This matter comes before the Court upon the motion of Regina L. Kukola ("Defendant") to dismiss the complaint of Mary Phillips ("Plaintiff") for lack of subject matter jurisdiction. Defendant notes that Plaintiff has filed an identical claim in the Superior Court of New Jersey, Camden County, and requests abstention pursuant to *Younger*. After initially declining to oppose the motion, Plaintiff filed a motion for leave to respond to Defendant's motion four months after the original motion was filed. For the reasons expressed below, Plaintiff's motion for leave to reply is **DENIED** and the Court will consider the motion unopposed. However, because the Court finds that this federal proceeding would parallel, but not interfere, with the state proceeding, Defendant's motion to dismiss is **DENIED**.

**I. BACKGROUND**

On October 10, 2012, Plaintiff filed this action seeking compensation for injuries she claims to have sustained in a 2010 motor vehicle accident.  See Compl. ¶13-16.  Prior to filing this suit, Plaintiff filed a near identical complaint in the Superior Court of New Jersey, Camden County.  One month after Plaintiff filed her federal complaint, Defendant filed the instant motion to dismiss, arguing that the Court should decline to hear the case under the doctrine of *Younger* abstention.

Plaintiff did not respond to Defendant's motion initially and instead waited until February 8, 2013 to file a motion for leave to file opposition.  In the motion for leave, Plaintiff argues that a different attorney filed the original state court complaint and that Plaintiff's current attorney was not aware of the state court action until its reference in Defendant's motion for abstention.  Pl. Mot. ¶6.  Plaintiff justifies the delayed response by arguing that Plaintiff's counsel did not become counsel for Plaintiff in the state court action until January 16, 2013.  Plaintiff also asserts that she did not oppose Defendant's motion sooner because it is clearly "baseless and without merit."  Pl. Mot. ¶9.

**II. DISCUSSION**

As a preliminary matter, the Court will deny Plaintiff's motion for leave to file opposition.  Federal Rule of Civil Procedure 6(b) permits a court to extend the time within which an act must be done "for good cause."  Fed. R. Civ. P. 6(b).  When a party is seeking an extension of time after the original deadline has lapsed, the party must be do so by motion and demonstrate that they failed to act because of "excusable neglect."  Id. Determining whether a party has demonstrated excusable neglect is necessarily an equitable determination and "requires a case-by-case analysis."  Consol. Freightways

Corp. of Delaware v. Larson, 827 F.2d 916, 919 (3d Cir. 1987); see also Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 381 (1993).

The Third Circuit has provided a non-exclusive list of factors to guide a district court's discretion in determining whether a party failed to timely act despite "counsel's affirmative efforts to comply," or instead due to "inadvertence which results from counsel's lack of diligence." Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 325 (3d Cir. 2012). Among these factors, a court must evaluate whether the tardiness resulted from counsel's failure to provide for a readily foreseeable consequence, whether the inadvertence reflects a complete lack of diligence, and whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance. Consol. Freightways, 827 F.2d at 919.

It is clear that counsel's neglect was not excusable under these circumstances. Plaintiff's only provided explanations for the delay in filing are a) that she did not respond because the motion was baseless and b) that she did not respond because her attorney in the federal action had not yet substituted himself as her attorney in the state court action. Neither are reasonable justifications for failing to timely file opposition. Plaintiff's counsel could have filed opposition in the federal action regardless of whether he was also counsel in the state court action. Moreover, even after Plaintiff's counsel became her attorney in both actions on January 16, 2013, Plaintiff delayed an additional three weeks before filing her two and a half page motion for leave. This is not a circumstance in which Plaintiff's counsel "has exhibited substantial diligence [and] professional competence . . . but as a result of some minor neglect, compliance was not achieved." Raguette, 691 F.3d at 328 (citing Consol. Freightways, 827 F.2d at 920).

Plaintiff's counsel simply ignored the time period within which opposition was to be filed. Accordingly, the Court will deny Plaintiff's motion for leave to file opposition and the Court will consider Defendant's motion unopposed.

Even ignoring Plaintiff's opposition, however, the Court must deny Defendant's motion for abstention. *Younger* and its progeny require federal courts to abstain from entertaining suits that would interfere with pending state court proceedings. See Younger v. Harris, 401 U.S. 37 (1971). The doctrine only applies if the Court determines that: 1) there are state proceedings that are judicial in nature; 2) the state proceedings implicate important state interests; and 3) the state proceedings afford an adequate opportunity to raise federal claims. Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). If these requirements are established, the federal court, out of "a proper respect for state functions," must abstain from hearing the case. See Middlesex, 457 U.S. at 431.

Although some of the requirements for *Younger* abstention are satisfied, the law is well-settled that parallel state litigation does not *per se* require the federal court to abstain from exercising jurisdiction. See Marks v. Stinson, 19 F.3d 873, 885 (3d Cir. 1994) ("The federal plaintiffs . . . are also the state plaintiffs. Moreover, they are not seeking to enjoin any state judicial proceeding; instead, they simply desire to litigate. . . in federal court."); Colorado River Water Conservation Dist. v. U. S., 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976) (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910) ("Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction'")). To the contrary, the Supreme Court has repeatedly

affirmed that district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River, 424 U.S. at 817.

It is somewhat strange that Plaintiff filed an identical complaint in federal court seeking relief only under state law causes of action five months after filing the same action in state court. However, as the master of her own complaint, Plaintiff is within her right to do so. Defendant has failed to propound any argument that would justify the Court's abdication of its responsibility to exercise the jurisdiction given to it.[1] Accordingly, the motion for abstention is denied.

## V. CONCLUSION

For the reasons discussed above, Plaintiff's motion for leave is **DENIED**. Defendants' motion for abstention is **DENIED.** An appropriate order shall issue today.

Date: 4/15/2013                                    /s/ Robert B. Kugler
                                                                                        ROBERT B. KUGLER
                                                                                        United States District Judge

---

[1] Defendant also mentions in a footnote that "[i]t is suspected that diversity of citizenship may not be present." Def. Mot. at 2, n.1. Defendant argues that because Plaintiff stated that she was a resident of Delaware in the federal complaint, but a resident of New Jersey in the state court complaint, "it is not clear exactly [where] the plaintiff resided at the time of the filing of the Federal Court Complaint." Id. Defendant's suspicion is insufficient to warrant dismissal of Plaintiff's complaint.